UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| PAUL THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No: CV 14-S-1984-W |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Respondents, ) | |

## MEMORANDUM OPINION

This is action is before the court on a petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254.[1]  Petitioner Paul Thomas, an Alabama state prisoner acting *pro se*, claims that his constitutional rights were violated in connection with a parole revocation hearing in 2010 and in subsequent judicial review in the Alabama state courts.  On July 5, 2016, the magistrate judge to whom the case was referred for preliminary review entered a report and recommendation ("R&R"), *see* 28 U.S.C. § 636(b), in which he recommended that the action be dismissed without prejudice, for lack of jurisdiction, on the ground that the petition is barred by the applicable statute

---

[1] *See* doc. nos. 1, 1-1.  References herein to "Doc. no(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files system.  Unless otherwise noted, pinpoint citations are to the page of the electronically filed document, which may not correspond to pagination on the original "hard copy."

of limitations. *See* 28 U.S.C. § 2244(d)(1).[2]  Petitioner has now filed objections to the magistrate judge's R&R.[3]

## I.

The magistrate judge determined that petitioner should have filed his federal *habeas* application within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).[4] The magistrate judge reasoned that petitioner would have been aware of the factual predicate of his claims, which challenge his lack of counsel and associated alleged irregularities occurring at his revocation hearing in July 2010, once he was notified of the decision to revoke his parole on or about August 2, 2010.[5]  However, petitioner did not file this action until October 14, 2014, more than three years too late.[6]  The magistrate judge recognized that, while petitioner had filed a certiorari petition in an Alabama state court seeking review of the parole board's decision, that petition was not filed until June 2013, well after the federal statute of limitations had expired.[7]  Accordingly, the filing could not toll the

---

[2] Doc. no. 23.
[3] Doc. no. 24.
[4] Doc. no. 23, at 4-5.
[5] *Id.*
[6] *Id.*
[7] *Id.* at 6.

limitations period under 28 U.S.C. § 2244(d)(2).[8] In a footnote, the magistrate judge also summarily stated that the petition did not contain allegations showing either that it might be timely based upon an application of equitable tolling, or that petitioner is actually innocent, such that he might overcome the time bar.[9] Therefore, the magistrate judge found that petitioner's § 2254 application remained time-barred, and he recommended that the action be "dismissed without prejudice for want of jurisdiction."[10]

## II.

### A.

In his objections, petitioner primarily argues the merits of his substantive claims. He also urges that he is entitled to a hearing to prove the allegations underlying those claims.[11] It suffices to say, however, that if those claims are barred by the statute of limitations, it is axiomatic that petitioner is not entitled to a hearing on the merits or *habeas* relief otherwise. *See Lugo v. Secretary, Fla. DOC*, 750 F.3d 1198, 1207 (11th Cir. 2014).

### B.

---

[8] *Id.*
[9] *Id.* at 6, n.3.
[10] Doc. no. 23, at 6.
[11] Doc. no. 24, at 2-3; *see also id.* at 7-13.

Petitioner also argues that his claims amount "to a challenge to the jurisdiction of the State of Alabama, Board of Pardons and Parole to revoke [his] parole on August 2, 2010."[12] Even assuming that is so for the sake of argument, federal *habeas* claims brought by a state prisoner under § 2254 contesting the jurisdiction of a state tribunal are not exempt from the one-year limitations period of § 2244(d)(1). *See Crowder v. Alabama,* no. 2:14-cv-02233-WMA-SGC, 2015 WL 4634407*, at *2 (N.D. Ala. Aug. 3, 2015)); cf. Williams v. United States*, 383 F. App'x 927, 929 (11th Cir. 2010) (one-year limitations period of 28 U.S.C. § 2255(f) applied to jurisdictional claim by federal prisoner seeking post-conviction relief under 28 U.S.C. § 2255). This objection is also without merit.

## C.

Finally, petitioner objects by arguing that the magistrate judge "has completely ignored Thomas's allegations and documentary evidence concerning his len[g]thy history of mental illness and the legal effect of that fact in this case."[13] Petitioner also makes a number of allegations that he suffers from mental illness, offered in support of his substantive *habeas* claim that he was not competent to plead guilty to his parole

---

[12] *Id.* at 3-4 (alteration supplied); *see also id*. at 6-7.

[13] *Id* at 5 (alteration supplied).

4

violation at his revocation hearing in July 2010.[14]

The court's review of the file reveals that petitioner has also made similar allegations in prior filings. In both his motion to expand the record[15] and his response to the State's answer,[16] for example, petitioner asserts generally that he has a long history of mental illness that rendered him incompetent to admit to his parole violation at his revocation hearing.[17] Specifically, petitioner claims he was suffering from symptoms of his condition at the time of the hearing because he was not financially able to pay for drugs prescribed him by the psychiatrist at Indian Rivers Mental Health Care Center in Tuscaloosa.[18] Petitioner also notes that he is a "Qualified Mentally Disabled Person" based on the fact that he has been found eligible for benefits under the Social Security Act.[19] In addition, the hearing officer's report reflects that petitioner stated at his revocation hearing in July 2010 that he had

---

[14] *See id.* at 10 (noting "the fact of petitioners' (sic) len[g]thy history of mental illness" and stating that he told the hearing officer at his parole revocation hearing that he "was suffering from symptoms of his mental illness."); *id.* at 11 (arguing that "the State should have, at the very least, obtained a psychiatric examination of petitioner prior to the acceptance of his alleged admission of guilt" at his revocation hearing and citing a "record of the petitioner's psychotropic medicine prescribed by the psychiatrist at the Tuscaloosa County jail" after he was arrested for the robbery underlying his parole violation)).

[15] Doc. no. 17.

[16] Doc. no. 20.

[17] Doc. 17, at 8-9; doc. no. 20, at 8, 12, 13.

[18] Doc. no. 20, at 13.

[19] Doc. no. 17, at 8; *see also* doc. no. 20, at 12.

been "having issues with" his "mental conditions" and "panic attacks" at the time he committed the armed robbery that formed the basis of the parole violation, that petitioner had spent time at the Taylor Hardin mental facility, and that he had been found not guilty by reason of insanity on an unspecified criminal charge in 1993.[20]

The one-year limitations period of § 2244(d)(1) is potentially subject to equitable tolling, under which a prisoner has the burden to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). A *habeas* petitioner's lack of legal training or a general ignorance or confusion regarding the requirements of the law are not extraordinary circumstances warranting equitable tolling, *see Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013), but a substantial mental impairment may be. *Hunter v. Ferrell*, 587 F.3d 1304, 1308-10 (11th Cir. 2009). While petitioner does not expressly invoke the doctrine of equitable tolling, his *pro se* filings are generally entitled to a liberal construction. *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1273 (11th Cir. 2014). The court will therefore interpret petitioner's allegations related to mental illness as a claim for equitable tolling of the limitations period.

---

[20] Doc. no. 9-1, at 20.

However, "equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007); *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (characterizing equitable tolling as a doctrine "to be applied sparingly"). To prevail on such a claim in this context, a petitioner must first make a "factual showing of mental incapacity," *Lawrence v. Florida*, 549 U.S. 327, 337 (2007), but, even then, "mental impairment is not *per se* a reason to toll a statute of limitations." *Hunter*, 587 F.3d at 1308. Rather, a petitioner is required to establish that a mental impairment "prevented him from understanding his rights and obligations under AEDPA and acting upon them in a timely fashion." *Id.* at 1309. That is, a petitioner must make a showing sufficient to demonstrate that "a causal connection exists between his mental incapacity and his ability to file a timely § 2254 petition." *Id.* at 1310; *see also Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). Finally, a petitioner with a mental impairment must also demonstrate that he acted with "an appropriate degree of diligence for someone in his situation." *Myers v. Allen*, 420 F. App'x 924, 927 (11th Cir. 2011) (quoting *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004)).

Petitioner's generalized assertions that he has a mental impairment for which he has taken medication and received treatment fail to support either that any such

impairment actually caused him to be unable to file his federal *habeas* petition on time, or that he has acted with reasonable diligence for someone in his circumstances. Petitioner claims he was not competent to admit to his parole violation offense at the hearing in July 2010. Nonetheless, he was able to coherently articulate, support, and litigate his claims in his *pro se* certiorari petition in the state circuit court, to appeal those claims through both levels of appellate review in the Alabama state court system, and to raise the claims again in his *pro se* § 2254 *habeas* petition and other filings in this court. He thus fails to establish that his mental impairment prevented him from filing this action for some three years, as would be required to render the action timely. *See Lawrence*, 421 F.3d at 1226-27; *Doe v. United States*, 469 F. App'x 798, 800-01 (11th Cir. 2012); *Myers*, 420 F. App'x at 927-28; *Fox v. McNeil*, 373 F. App'x 32, 34 (11th Cir. 2010). Petitioner's objection, liberally construed as seeking equitable tolling based on a mental disability, is due to be overruled.

## III.

While the court agrees with the magistrate judge's finding that petitioner's *habeas* claims are all untimely filed under § 2244(d)(1), the court does not agree with the specific recommendation that this action be "dismissed without prejudice for lack of jurisdiction."[21] If a court lacks jurisdiction, a dismissal without prejudice is the

---

[21] Doc. no. 23, at 6.

8

appropriate disposition. *Zelaya v. Secretary, Fla. DOC*, 798 F.3d 1360, 1373 (11th Cir. 2015). Even so, the statute of limitations under § 2244(d)(1) is not jurisdictional in nature. *Day v. McDonough*, 547 U.S. 198, 205 (2006). Moreover, petitioner's untimely filing cannot be cannot be cured, so this action is due to be dismissed *with prejudice*. *See Perkins v. Daniels*, no. 14-00077-WS-N, 2014 WL 4322389, at *4 (S.D. Ala. Aug. 29, 2014); *Fountain v. Forniss,* NO. 3:12-cv-02477-JHH-JEO, 2013 WL 360261, at *2 (N.D. Ala. Jan. 25, 2013); *Cleveland v. Kemp*, no. Civ. A. 7:05-CV-844HL, 72006 WL 1699879, at *1 (M.D. Ga. June 19, 2006).

## IV.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and the petitioner's objections thereto, the court is of the opinion that the magistrate judge's findings are due to be, and they hereby are, **ADOPTED**, and his recommendation is **ACCEPTED**, as modified herein. Petitioner's objections are **OVERRULED**. The petition for a writ of *habeas corpus* is due to be **DISMISSED WITH PREJUDICE**.

Further, the court concludes that the petition does not present issues that are debatable among jurists of reason, so a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Proceedings. A separate Final Order will be

entered.

DONE this 30th day of September, 2016.

_____
United States District Judge